CHARLES A. PETERSON

*v.*

THE STATE OF ILLINOIS.

*Opinion filed February 17, 1905.*

DAMAGES: *Caused by falling bridge over feeder of Illinois and Michigan Canal.* Claimant was injured by the falling of a bridge over a "feeder" of the Illinois and Michigan canal. The court reviews the evidence and holds the claimant entitled to $2,500. Holmes v. the State followed.

This is a claim by Charles A. Peterson, administrator of the estate of Andrew T. Peterson, for damages to the said estate, by reason of the death of deceased, caused by the fall of a bridge over a "feeder" of the Illinois and Michigan canal, due to the alleged negligence of the Canal Commissioners in permitting the same to be and become out of repair.

Deceased was an employe of Berto G. Holmes and was assisting him in conveying across the bridge in question, his threshing outfit, when the bridge fell and he was instantly killed thereby; and in this claim the same state of facts and legal principles are involved as in the claim of Berto G. Holmes v. The State. And our award and opinion in that case on this date filed, is decisive of the merits of this, except on the question of the amount of damages.

On the latter question the evidence in the record, is not in a very satisfactory condition to enable us to determine the exact amount of damages we ought to award.

At the time of the death of deceased, the legal limit of

recovery in case of death was five thousand ($5,000.00) dollars; and was limited to the actual pecuniary loss to the next of kin. We consider that we are bound by such rule. From the very nature of such damages, they are ordinarily incapable of exact ascertainment, and our courts have not exacted much certainty in evidentiary data for their ascertainment. But yet in this case, the evidence certainly falls short of what might have been produced by claimant bearing on that question. The father of deceased, Ole Peterson, according to the evidence, is the only next of kin, in any measure dependent on deceased for support. Deceased at the time of his death was twenty-one years, five months and eleven days old; he left him surviving two brothers, Charles A. and Ever Peterson, a sister, Tillie, since married and now named Mrs. Phillip Brooks, and his said father, Ole Peterson. Deceased had always lived with his father on a farm, and at the time of his death he and his sister and father were living together. The father was seventy-four years old and was demented, to what extent is not shown; but was said not to be able to work. Whether deceased or his father rented the farm upon which they lived is also uncertain from the evidence. Deceased worked on the farm either for himself or his father, and together with his brother Charles A., employed their sister to keep house for their father; and deceased helped support the old gentleman; but to what extent is not satisfactorily shown.

The foregoing is the substance of the evidence we have to guide us in fixing the amount of damages. We suppose we are entitled to the same latitude in arriving at the amount of damages as a jury would be, and in view of the meagre evidence bearing on the question we cannot hope to escape the charge of guessing at the amount so often made in such cases against juries. But keeping in view the compensatory feature of the law and the age of the father, the next of kin deprived of means of support, we fix the damages at $2,500.00.

We therefore accordingly award claimant, Charles A. as administrator of the estate of Andrew T. Peterson, deceased, the sum of two thousand five hundred ($2,500.00) dollars, as damages for the death of deceased, growing out of the matter in the above entitled suit complained of.